liGAUDIN, Judge.
Mrs. Sandra Ludwig tripped over an obstruction in the rear of the Jefferson Performing Arts Center in Metairie while attending a performance of Peter Pan. The obstruction was an acoustical shell being stored along the auditorium’s rear wall along with other shells. She sued[1] and lost in the 24 th Judicial District Court and is now before this Court contending that the acoustical shell she hit did constitute an unreasonable risk of harm and that she was not at fault in stepping into it.
We affirm because of the. manifest error rule while acknowledging that the trial judge could have assessed a degree of responsibility to the defendant, the Jefferson Performing Arts Society.
The accident occurred on November 4, 1994. Mrs. Ludwig was a chaperon for approximately 50 children from 10 to 12 years of age. About 45 minutes into the second act, Mrs. Ludwig left her seat to go to the bathroom. Returning to her seat, Mrs. Ludwig’s left shin struck the lower part of one of the acoustical shells, producing a severe he-matoma which later became infected.
Photographs in evidence, placed by both Mrs. Ludwig and thej^Performing Arts Society, show the acoustical shells. They are six feet high, six feet wide and 2⅜ to three feet in depth with the base protruding horizontally outward about a foot, giving the shells somewhat of an “L” shape.
In his assigned “Reasons for Judgment,” the'trial judge stated:
“... the Court finds that the acoustical shell did not constitute an unreasonable risk of harm. Plaintiff was aware of its existence prior to the fall as she had walked past it on her way to and back from the restroom. Additionally, plaintiff testified that upon returning to the auditorium, she did not allow any time for her eyes to adjust to the darkness. Moreover, she was distracted by the production and did not pay attention to where she was walking. Thus, the Court finds that plaintiffs own negligence was the sole cause of her injuries.”
Actually, Mrs. Ludwig had successfully gone past the shells three times before hitting one. There was sufficient room between the shells and the theater’s rear seats for people to safely walk through.
The auditorium had been darkened during the performance, which was normal for productions as Peter Pan. The acoustical shell Mrs. Ludwig struck and other shells had been purchased by the Performing Arts Society in 1989. They were usually stored in the rear of the theater and were quite visible. Mrs. Ludwig’s accident was the first involving the shells.
Causation and allocation of fault are factual findings and are reviewed funder the manifest error/clearly wrong standard. Here, because there was a protrusion at the base of the shells and because it is reasonable to assume that theater patrons will sometimes leave their seats and go to restrooms while performances are in progress, the trial judge could have placed some blame on the Performing Arts Society; however, he did not. We are reluctant to substitute our findings for his inasmuch as the record and sufficient testimony are supportive of his findings. In Mistich v. Volkswagen of Germany, Inc., 666 So.2d 1073 (La.1996), wherein the Louisiana Supreme Court said at page 1073:
“In our three-tiered judicial system, findings of fact are allocated to the trial courts. It is a well settled principle that an appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are - as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where *1270 two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly wrong. Rosell, supra at 845; Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra at 1333.
“The reviewing court must always keep in mind that if a trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the |4court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).”
Accordingly, the trial court judgment dismissing Mrs. Ludwig’s claims is affirmed.
AFFIRMED.
CANNELLA, J., dissents.

. Mrs. Ludwig’s husband Walter is also a plaintiff-appellant.